# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.: 3:12-CR-50007 |
| | ) | |
| v. | ) | Violations: 18 U.S.C. §§ 371, 201(b)(1), |
| | ) | 201(b)(2), 1343 |
| | ) | |
| | ) | Judge: P. Michael Mahoney |
| 1)    RYAN J. PIANA, | ) | |
| | ) | |
| 2)    RONALD B. HURST, | ) | |
| | ) | |
| 3)    BRYANT A. CARBONELL, | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the unopposed motion of the United States, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. As used in this Order, the words "Defendant" or "Defendants" mean the individual Defendants; defense counsel actively representing the Defendants in this case; and partners, associates, secretaries, paralegal assistants, experts, consultants, and employees of those defense counsel, but only to the extent reasonably necessary to render professional services in this case.

2. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the Confidential Materials") are subject to this protective order and may be used by Defendants and defense counsel solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. Any copies or reproductions of the Confidential Materials, and any notes or records of any kind made in relation to the contents of the Confidential Materials, shall

be treated in the same manner as the original Confidential Materials. To comply with its discovery and due process obligations, the United States is authorized to disclose grand jury materials to the Defendants.

3. Any of the Confidential Materials containing taxpayer information obtained from the Internal Revenue Service shall be plainly marked as such by the United States prior to disclosure. No such Confidential Materials, or the information contained therein, may be disclosed to any persons other than Defendants, defense counsel, persons employed to assist the defense, or the taxpayer on whose behalf such information was provided to the Internal Revenue Service, without prior notice to the United States and authorization from the Court. Absent prior permission from the Court, taxpayer information obtained from the Internal Revenue Service shall not be included in any public filing with the Court, and instead shall be submitted under seal (this Order does not, however, prohibit a Defendant from making a public filing containing the Defendant's own taxpayer information).

4. The United States is authorized to disclose grand jury documents and information, as provided for under the Federal Rules of Criminal Procedure and applicable law, to witnesses, potential witnesses and to individuals who may be retained to provide expert assistance, as well as to persons retained to assist the United States in administrative, clerical, paralegal, or other support services in connection with the maintenance, storage, and copying of grand jury documents and/or the preparation of summaries, computer databases and other exhibits.

5. Each Defendant and any person to whom any Defendant or the United States discloses Confidential Materials, as permitted by this Order, must be shown a copy of this Order and be informed that such material is confidential and must be treated as such.

6. Each Defendant, any person to whom a Defendant discloses Confidential Materials, and any person to whom the United States discloses Confidential Materials, shall not make any further disclosure of the Confidential Materials, except as provided herein, absent further order of this Court.

7. The Confidential Materials, including all copies thereof, may be disclosed by a Defendant to another person only for the purpose of assisting the Defendant in preparing a defense in this case, and may be disclosed by the attorneys for the United States only for the purpose of assisting the United States in preparing its prosecution or complying with its discovery obligations in this case. Only as much of the Confidential Materials as may be useful for such purpose may be disclosed by the attorneys for the United States or the Defendants. The Defendants and those persons to whom they disclose Confidential Materials in accordance with this Order shall not make any copies of the material, reveal the contents of the material, or use the information contained therein, for any purpose other than preparing a defense in this case. The persons to whom the United States discloses Confidential Materials in accordance with this Order shall not make any copies of the material, reveal the contents of the material, or use the information contained therein, for any purpose other than assisting the United States in preparing for prosecution or complying with its discovery obligations in this case. The Confidential Materials and their contents shall not be disclosed either directly or indirectly to any person or entity outside of the United States without prior authorization from the Court.

8. All Confidential Materials, and any copies thereof, disclosed to any of the Defendants or to third parties by Defendants shall be returned to defense counsel at the earliest of (a) the end of this case and any appeals, including any collateral proceedings; or (b) such time as it is no longer necessary for the person to possess such material. At the end of this case and any appeals, including

3

any collateral proceedings, upon written request of the United States, defense counsel shall certify in writing to the attorneys for the United States that they have received all Confidential Materials and copies that were given to the Defendants or third parties. Also at that time, defense counsel shall either destroy all Confidential Material or return it to the attorneys for the United States. If defense counsel elect to destroy any Confidential Material rather than return it to the attorneys for the United States, they shall certify in writing to the attorneys for the United States that such material has been destroyed.

9. This Order applies to certain records that the Defendants have not yet had an opportunity to review, some of which were not obtained through the grand jury process or otherwise may not be covered by the provisions of Rule 6(e) of the Federal Rules of Criminal Procedure.

10. To the extent any Confidential Material is produced by the United States to Defendants or defense counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, Defendants and/or defense counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

11. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses the contents of taxpayer information obtained from the Internal Revenue Service (other than taxpayer information relating solely to the Defendant filing the document in question), shall be

filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

12. Any party may seek to have certain documents or categories of documents excepted from the terms of this Protective Order. Each party will be available, on reasonable notice, to discuss problems which may arise under the Protective Order. This Protective Order does not prejudice the right of any party to seek the Court's permission to except particular documents or categories of documents from the terms of this Protective Order.

ENTERED: _____
HON. P. Michael Mahoney
United States Magistrate Judge
Northern District of Illinois
Western Division

Dated: 2/3/12